*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KYLE MORSKI and LISA MORSKI,

　　　　Plaintiffs/Counterdefendants-
Appellants,

v

GRANDVILLE CONSTRUCTION AND
DEVELOPMENT COMPANY and CLAUDE
GOURAND,

　　　　Defendants/Counterplaintiffs-
Appellees.

UNPUBLISHED
September 19, 2025
12:37 PM

No. 372299
Oakland Circuit Court
LC No. 2022-195855-CK

Before: GADOLA, C.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Plaintiffs/Counterdefendants, Kyle and Lisa Morski (plaintiffs), appeal by right the trial court's entry of a judgment regarding an arbitration award. We vacate and remand.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case began in 2019, when plaintiffs' home was destroyed in a fire. Plaintiffs entered into a contract with defendants/counterplaintiffs, Grandville Construction and Development Company and Claude Gourand (defendants), to build a new home on their property (Building Agreement). A couple of months after construction was completed, however, plaintiffs noticed water damage in their basement and additional issues in their home. The parties' relationship soured, and the instant lawsuit followed.

In their complaint, plaintiffs alleged claims of breach of contract, unjust enrichment, and fraud and misrepresentation against defendants. Defendants counterclaimed, alleging claims of breach of contract, unjust enrichment, and fraud against plaintiffs. Both parties moved for summary disposition, and the trial court granted in part and denied in part each motion, leaving plaintiffs with one count of breach of contract and defendants with three counts of breach of contract.

-1-

The remaining claims were set for trial, but the parties reached an agreement to arbitrate, which the parties and trial court signed on April 25, 2024. The agreement provided that the lawsuit "shall be stayed [in the trial court] pending an award of arbitration," and the court "may reduce an award of arbitration to a judgment if necessary" and "shall retain jurisdiction to enforce this Agreement." The agreement further provided that "[t]he arbitrator's award shall be binding upon the parties and judgment may be rendered by a court of competent jurisdiction upon the arbitration award if not paid by the parties as required by the award." And the agreement also made clear that "[t]he arbitration is to be considered a statutory arbitration pursuant to the Michigan statutes and Michigan Court Rules."

The matter then proceeded to arbitration, and on July 22, 2024, the arbitrator entered an award denying plaintiffs' breach-of-contract claim and finding for defendants on two of their three counts of breach of contract. The arbitrator awarded defendants $70,886.40 in damages and interest at 10% per annum starting from October 3, 2022. The arbitrator also awarded defendants $92,399.75 in attorney fees under the Building Agreement.

On August 5, 2024, defendants filed with the trial court a proposed judgment on the arbitration award, which reflected the award's terms. On August 8, 2024, the trial court issued the judgment, and on August 12, 2024, defendants submitted a notice of judgment lien. Also on August 12, plaintiffs moved both to set aside the judgment and to vacate or modify the arbitration award. In their motion to set aside the judgment, plaintiffs argued that the court's entry of the judgment was improper and premature because, under the court rules, that action can only occur after the arbitrator's award had been modified or confirmed by the court; when the court entered the judgment, however, it had done neither, and defendants' time to seek to modify or vacate the award had not even elapsed yet. In their motion to vacate or modify the arbitration award, plaintiffs argued that the award contained numerous errors and was the product of the arbitrator's evident partiality in favor of defendants, and also that the awarded attorney fees were unreasonable and improper.

Plaintiffs' motions were set to be heard on August 21, 2024, but the day before that hearing date, the court adjourned the motions until September 4, 2024, or later. On August 29, 2024, plaintiffs filed the instant appeal challenging the August 8 judgment. Then, on September 9, 2024, the trial court entered an order denying plaintiffs' motions without prejudice under MCR 7.208(A) because, as a result of the pending appeal, the court no longer had jurisdiction to adjudicate the motions. The order further stated that the court was "taking the opportunity to clarify" that "the entry of the Judgment at issue in this matter on August 8, 2024, necessarily implied and acted as the Court's confirmation of the arbitration award. MCL 691.1705(1)."

## II. DISCUSSION

On appeal, plaintiffs argue that the trial court erred when it entered the August 8 judgment on the arbitration award. Plaintiffs challenge the entry of the judgment as procedurally improper, and also contend the substance of the judgment was erroneous because the arbitrator's award, which the judgment reflected, was erroneous and the product of the arbitrator's evident partiality for defendants. We agree with plaintiffs that the entry of the judgment was procedurally improper and, as a result, the judgment should be vacated and this matter remanded for further proceedings.

-2-

In light of that conclusion, we need not—and do not—reach plaintiffs' other, substantive challenges to the judgment and underlying arbitration award.

"This Court reviews de novo a trial court's decision to enforce, vacate, or modify an arbitration award." *Ann Arbor v American Federation of State, County, & Municipal Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). "We review de novo the interpretation and application of statutes, rules, and legal doctrines." *Micheli v Michigan Auto Ins Placement Facility*, 340 Mich App 360, 367; 986 NW2d 451 (2022).

According to plaintiffs, the trial court violated various provisions of the court rules when it entered the judgment on the arbitration award. Plaintiffs' singular focus on the court rules, however, is misplaced. As noted, the parties in this case entered into their agreement to arbitrate on April 25, 2024, which means that the agreement is governed by the Uniform Arbitration Act (UAA). See MCL 691.1683(1) (stating that the UAA governs agreements to arbitrate made on or after July 1, 2013); see also MCR 3.602(A) (specifying that the court rule applies to arbitrations not governed by the UAA). That said, application of the UAA confirms plaintiffs' position that the trial court erred by entering the judgment in the manner that it did.

The UAA sets forth a process by which a court may confirm, vacate, or modify an arbitration award and then enter a judgment to that effect. MCL 691.1702 addresses court confirmation of an award, and provides that "[a]fter a party to an arbitration proceeding receives notice of an award, the party may move the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected under [MCL 691.1700 or MCL 691.1704] or is vacated under [MCL 691.1703]."

MCL 691.1703, in turn, provides that, "[o]n motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if any of" an enumerated list of circumstances applies, and requires (except under circumstances not relevant here) that such a motion "be filed within 90 days after the moving party receives notice of the award" as specified in the statute. MCL 691.1703(1), (2). The statute further provides that, "[i]f the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award is pending." MCL 691.1703(4).

MCL 691.1704 then addresses a court's modification or correction of an award, and similarly provides that, "[o]n motion made within 90 days after the moving party receives notice of the award" as specified in the statute, "the court shall modify or correct the award if any of" an enumerated list of circumstances applies. MCL 691.1704(1). If such a motion "is granted, the court shall modify or correct and confirm the award as modified or corrected. Otherwise, unless a motion to vacate is pending, the court shall confirm the award." MCL 691.1704(2).

Finally, MCL 691.1705 addresses the entry of judgment on the award, stating: "On granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment that conforms with the order. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action." MCL 691.1705(1). See also *Mich Dep't of State Police v Mich State Police Troopers Ass'n*, ___ Mich App ___, ___ n 1; ___ NW3d ___ (2023) (Docket No. 363241); slip op at 8-9 n 1 (noting that MCL 691.1705(1) "is

merely a procedural directive noting that when a trial court reaches a decision about an arbitration award, it must enter a judgment on the matter").

None of this process was followed or reflected in the trial court's entry of judgment in this case. The judgment was not entered upon the court's "granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award." MCL 691.1705(1). There was no such order granted before or at the time of entry of the judgment, nor was there any motion for such an order made by either plaintiffs or defendants, as contemplated by MCL 691.1702, MCL 691.1703, and MCL 691.1704. Instead, defendants simply submitted for entry a proposed judgment on the award, and the court obliged by entering the judgment three days later—with no meaningful opportunity for plaintiffs to respond or to file their own motion challenging the award.

In its subsequent September 9 order, the court attempted "to clarify" that its August 8 entry of judgment "necessarily implied and acted as the Court's confirmation of the arbitration award" under MCL 691.1705(1). But this post hoc clarification did not change or cure the procedural deficiencies that attended the entry of the judgment—or, for that matter, the prejudice to plaintiffs that flowed from them. As a result of those deficiencies, plaintiffs were unable to oppose entry of the judgment or move to challenge the underlying arbitration award until after the judgment was entered. And then, the court was unable to hear plaintiffs' motions to that effect until after plaintiffs' deadline for filing a claim of appeal regarding the judgment had passed. See MCR 7.204(A)(1) (providing that, "[e]xcept where another time is provided by law or court rule, an appeal of right in any civil case must be taken within 21 days"); MCL 691.1708(2) (providing that "[a]n appeal under this section," including from "[a] final judgment entered under" the UAA, "shall be taken as from an order or a judgment in a civil action"). Plaintiffs met that appellate deadline, but as the trial court subsequently ruled, the court lost jurisdiction to adjudicate plaintiffs' motions as a result. MCR 7.208(A) ("After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed.").[1] Plaintiffs should not have been forced to face this choice between timely appealing the judgment and having the court hear and decide their challenges to its underlying merits. Nor would they have been forced to face it, had the statutorily specified procedures been followed.

Defendants maintain that the process followed by the court was permissible because the arbitration agreement itself "allows for the direct entry of judgment." The agreement's terms, however, belie this argument. The agreement provided that the trial court "shall retain jurisdiction to enforce this Agreement" and "may reduce an award of arbitration to a judgment if necessary," and that "judgment may be rendered by a court of competent jurisdiction upon the arbitration award if not paid by the parties as required by the award." At no point have defendants explained why entry of the judgment was "necessary" as contemplated by the agreement, but more fundamentally, nothing in these provisions purported to authorize the court to enter a judgment in

---

[1] This also meant that, on appeal, there was no merits ruling from the trial court on plaintiffs' substantive challenges for this Court to review, compromising the scope of plaintiffs' arguments and our appellate function as to them. See *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018) ("As an error-correcting court, this Court's review is generally limited to matters actually decided by the lower court.") (citations omitted).

a manner that did not comport with the UAA. To the contrary, the agreement expressly stated that "[t]he arbitration is to be considered a statutory arbitration pursuant to the Michigan statutes and Michigan Court Rules."

For the reasons discussed, the trial court's entry of the judgment at issue was erroneous. Accordingly, we vacate the August 8, 2024 judgment and remand this matter for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock